UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLYN SIOUX GREEN,<br><br>               Plaintiff,<br>     v.<br><br>UNITED STATES COAST GUARD,<br>et al.,<br><br>               Defendants. | CASE NO. C20-1804JLR<br><br>ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION |

## I.   INTRODUCTION

Before the court are two motions: (1) *Pro se* Plaintiff Carolyn Sioux Green's motion to reopen two cases (Mot. (Dkt. # 6)); and (2) Defendants United States Coast Guard and United States Department of Veterans Affairs (the "VA") (collectively, "the Government") motion to dismiss for lack of subject matter jurisdiction (MTD (Dkt. # 10)). The court has considered the motions, the parties' submissions in favor of and in opposition to the motions, the relevant portions of the record, and the applicable law.

Being fully advised,[1] the court GRANTS the Government's motion to dismiss and DENIES Ms. Green's motion as moot.

## II.  BACKGROUND

This matter stems from an incident on February 21, 1994, when Ms. Green was serving in the United States Coast Guard aboard the USCG Cutter Mellon. (Compl. (Dkt. # 1-2) at 2.)[2] Ms. Green asserts that she "blacked out for a moment and slipped on the stainless steel log office ladder," causing her to fall and land "five consecutive times on [the] steel ladder rungs on [her] right buttocks." (*Id.*) This fall allegedly caused serious injury to her buttocks, hips, neck and back. (*See id.*)

Ms. Green challenges several aspects of her ensuing lack of treatment. She claims that the only treatment she received from the Government was physical therapy with some injections for her neck pain. (*Id.*) "Other than that, there was no treatment for the injury." (*Id.*) While in the Government's medical care, Ms. Green alleges that she was unfairly reprimanded two times: the first after Ms. Green complained about her "unqualified" primary care provider and the second after "asking for medical help without an appointment." (*Id.* at 3.) She further complains that her "medical board" was "one-sided" and a "joke." (*Id.*) The United States Coast Guard then "honorably

//

---

[1] No party requests oral argument (*see* Mot. at 1; MTD at 1; Defs. Resp. (Dkt. # 18) at 1; Pl. Resp. (Dkt. # 15) at 1), and the court finds that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4)

[2] The complaint does not have paragraph numbers and features repeating page numbers for different attachments. (*See* Compl.) Thus, the court cites to the page number of the entire document.

medically discharged" Ms. Green "[f]our days before Christmas, with no treatment help or plan." (*Id.* at 3.) Ms. Green states that the Government "stole[]" her "health, [her] family, [her] special and dear friends, a marriage, pets, etcetera" and that she has used up "[a]n enormous amount of personal finances" to "continue *waiting* for VA Puget Sound to decide to treat me." (*Id.* at 4 (emphasis in original).)

Ms. Green filed suit in state court on October 12, 2020, against the Government and "Does 1 through 1000." (*Id.* at 1, 49.) She includes with her complaint many attachments, including a letter to Secretary of Defense Mark T. Esper requesting apologies to her and her family (*id.* at 7-8); a timeline of her medical treatment and her previous commitment by the Thurston County Superior Court, styled as an "exhibit list" (*id.* at 11-18); similar exhibit lists from other lawsuits[3] (*see id.* at 20-41); and a detailed account of when she was administered various drug medications by the VA (*id.* at 43-48). Ms. Green avers that the Government's "prevention of care" spanning over six years resulted in "a life of incalculable carnage," (Pl. Resp. at 2),[4] and she seeks 1.5 billion dollars for harms related to her treatment, including "unlawful imprisonment, maiming of the Plaintiff[']s brain, maiming of other body parts, loss of wages and economic value, loss of life, loss of liberty, [and] loss of pursuit of happiness," (State Docs. (Dkt. # 3-1) at

---

[3] Ms. Green reports that she had previously filed four cases in Thurston, Pierce and King Counties in 1995 and 2001 and has now filed three additional cases in Pierce and Thurston Counties. (Compl. at 18.)

[4] In response to the Government's motion to dismiss, Ms. Green filed three docket entries' worth of exhibits and includes the same briefing to preface each docket entry. (*See* Pl. Resp. at 1-5; Pl. Add. Resp. (Dkt. # 16) at 1-5; Pl. 2d Add. Resp. (Dkt. # 17) at 1-5.) The court cites to her response filed at docket entry number 15.

ORDER - 3

3-4). The Government removed this suit on December 14, 2020. (*See* Not. of Removal (Dkt. # 1).)

Ms. Green moved to reopen cases No. DOT-95-0374 and No. 95-36172, (Mot. at 1), lawsuits that she identifies as having filed in "King County District Court" in 1995, (Compl. at 18).[5] The Government subsequently moved to dismiss on December 21, 2020, arguing that Ms. Green had failed to exhaust her administrative remedies. (*See* MTD at 4-5.) In response, Ms. Green submitted copies of claim forms, known as SF-95 forms, that she filed with the Government. (Resp. at 6-9.) Both SF-95 forms were dated after the Government's motion to dismiss: Her claim with the VA was dated December 22, 2020, and her claim with the United States Coast Guard was dated December 24, 2020. (*Id.* at 7, 9.)

### III.   ANALYSIS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests the court's subject matter jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *see also Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 969 (9th Cir. 2009) ("An objection that a federal court lacks subject matter jurisdiction may be raised at any time."). Federal courts are courts of limited jurisdiction, only possessing the power authorized by the Constitution and statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As a starting point for this analysis, it is assumed that the district court lacks subject matter jurisdiction, and the party asserting the claim bears the

---

[5] Neither case seems to have been filed in the Western District of Washington, as neither case number returned files in the court docketing system.

burden of establishing that subject matter jurisdiction exists. *In re Dynamic Random Access Memory Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008) (citing *Kokkonen*, 511 U.S. at 377). "When a motion to dismiss attacks subject matter jurisdiction under Rule 12(b)(1) on the face of the complaint, the court assumes the factual allegations in the complaint are true and draws all reasonable inferences in the plaintiff's favor." *City of L.A. v. JPMorgan Chase & Co.*, 22 F. Supp. 3d 1047, 1052 (C.D. Cal. 2014). Additionally, because Ms. Green is a *pro se* plaintiff, the court must construe her pleadings liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).

Under a liberal construction, Ms. Green appears to be bringing a medical malpractice tort claim for the alleged lack of care that the Government provided after her fall in February 1994. Ms. Green identified the suit as one for the tort of medical malpractice on the civil cover form she filed in state court. (State Docs at 71.) Moreover, her assertions in her complaint center on the failure of the medical treatment she received, (*see* Compl. at 2-4), and her subsequent filings confirm that her suit is asserting a tort claim against the Government, (*see* Pl. Resp. at 1 (labeling her claim as "tort claim")). Her exhibits also focus on her medical history since 1994. (*See, e.g.*, "How Long It Took" (Dkt. # 15-7) (laying out experience in VA Puget Sound health care system); "Drug Transparency Part 3" (Dkt. # 16-2) (listing medication history); "Dr. Adam R. Geiger" (Dkt. # 17-3) (attaching notes from treatment with doctor).) Thus, the court analyzes Ms. Green's medical malpractice tort claim against the Government as one brought under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680.

//

The United States is immune from suit unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995). Any waiver of immunity is strictly construed in favor of the United States. *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33-34 (1992). The FTCA is a limited waiver of sovereign immunity that permits plaintiffs to bring claims against the United States for the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).

As a jurisdictional prerequisite, an FTCA claim may only be instituted after the Government denies an administrative claim, either actually or constructively by failing to act upon the claim within six months. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). "The requirement of an administrative claim is jurisdictional." *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). "Because the requirement is jurisdictional, it must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity." *Id.* (internal citation and quotation omitted).

The Government provides competent evidence that Ms. Green had not filed an administrative claim to either the United States Coast Guard or the VA prior to filing suit in King County Superior Court.[6] (Bartley Decl. (Dkt. # 11) ¶ 5; Gyenes Decl. ¶¶ 5-8.)

---

[6] The United States Coast Guard found one claim by a "Carolyn Becker (formerly C. Green)" opened on January 1, 1995, and closed on December 31, 1995. (Gyenes Decl. (Dkt. # 12) ¶ 5.) However, Ms. Green does not suggest that she filed this claim. (*See* Pl. Resp.)

Ms. Green's SF-95 forms only confirm this fact, as both forms were filed in December of 2020 after she filed suit in October of 2020. (*See* Pl. Resp. at 6-9.) Because Ms. Green did not first present the claims to the Government and allow it the required six months to make a final disposition, she failed to exhaust her administrative remedies and cannot establish that subject matter jurisdiction is proper. *See Ruchert v. Williamson*, No. 3:16-cv-00413-BLW, 2017 WL 3120267, at *2 (D. Idaho July 21, 2017). Accordingly, the court grants the Government's motion and dismisses Ms. Green's complaint without prejudice. Furthermore, because the court lacks subject matter jurisdiction over the matter, the court denies Ms. Green's motion to reopen previous cases as moot.

Having dismissed the claims against the Government, only the fictitious and unnamed Doe defendants remain. (*See* Compl.) When an action is dismissed as to all defendants who have been served and only unserved defendants remain, "there is no reason to assume that there will be any further adjudication of the action." *Patchick v. Kensington Pub. Corp.*, 743 F.2d 675, 677 (9th Cir. 1984); *see also Assoc. of Women with Disabilities Adv. Access v. Ruttledge, et al.*, No. 06CV2208 WQH (JMA), 2007 WL 9776618, at *1-2 (S.D. Cal. May 2, 2007) (closing case when only fictitious Doe defendants remained). Accordingly, the court closes this matter.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS the Government's motion to dismiss Ms. Green's complaint for lack of subject matter jurisdiction (Dkt. # 10) and

---

Moreover, even if Ms. Green were the "Carolyn Becker" who filed that claim, she has not filed suit within six months of that administrative decision, as is required. *See* 28 U.S.C. § 2401(b).

1  DISMISSES her complaint without prejudice.  The court further DENIES Ms. Green's
2  motion to reopen (Dkt. # 6) as moot.
3      Dated this 5th day of February, 2021.

JAMES L. ROBART
United States District Judge